IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-78-2H
No. 4:16-CV-117-H

DANTE JAMERUS BRIGHT,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #160].[1] This matter was stayed pending United States v. Beckles, 137 S. Ct. 886 (2017), and subsequent to the resolution of Beckles, the government filed a motion to dismiss, [DE #180].[2] The court entered an order lifting the stay and allowing petitioner 45 days from the lift of the stay for petitioner to respond. [DE #194]. Petitioner has not responded. The time for further filing has expired, and this matter is ripe for adjudication.

**BACKGROUND**

On April 5, 2012, petitioner pled guilty pursuant to a written memorandum of plea agreement to conspiracy to distribute 280 grams

---

[1] The Office of the Federal Public Defender filed a notice of appearance for the limited purpose of representation in light of Johnson v. United States, 135 S. Ct. 2551 (2015), as set forth in Standing Order 15-SO-02, [DE #161], and subsequently filed a motion to withdraw as counsel. [DE #162]. This motion was granted by the court. [DE #166].
[2] The government notes in its motion to dismiss that the motion to stay pursuant to Beckles was made in error.

or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Eight). [DE #114]. On October 16, 2012, the court sentenced petitioner to a total term of imprisonment of 240 months, following the granting of the government's motion for a reduction in sentence pursuant to United States Sentencing Guidelines ("USSG") § 5K1.1. [DE #114]. Judgment was entered on October 23, 2012. Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals affirmed his convictions and dismissed the appeal of his sentence. [DE #117 and DE #134]. The Fourth Circuit entered judgment on May 30, 2013.

On June 16, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, in light of Johnson v. United States, 235 S. Ct. 2551 (2015), requesting the court to "set-aside the sentence imposed on him for the counts under 18 U.S.C. § 924(c), and to order a re-sentencing hearing." [DE #160].

## COURT'S DISCUSSION

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review.

2

Petitioner filed his motion within one year of Johnson. In Beckles v. United States, 137 S. Ct. 886 (2017), however, the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). However, neither Johnson nor Beckles affords relief to petitioner as his § 924(c) conviction was not substantiated by an underlying crime of violence, but rather by an underlying drug trafficking crime, namely conspiracy to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One). [DE #114]. Therefore, the Supreme Court's decisions in Johnson and Welch, invalidating the residual clause of ACCA, cannot provide a basis for petitioner's requested relief. Therefore, petitioner's claim fails.[3]

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #180], is GRANTED. Petitioner's motion to vacate, [DE #160], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any

---

[3] The court notes petitioner's claim made pursuant to Johnson, but without basis for relief under Johnson, is actually an untimely motion pursuant to 28 U.S.C. § 2255(f)(1) as it was made more than one year after judgment became final.

3

dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 5th day of August 2019.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

4